Henry A. Winship & another *vs.* Alonzo F. Neale.

It is no ground of exception, that a party was allowed to ask a counsellor at law, on cross-examination, whether he had not filed interrogatories to him in behalf of the other party, and obtained a continuance of the action at the last term, and refused a continuance at this term, because the parties themselves would be made competent witnesses by statute before the next term.

An action of tort for taking and carrying away and converting to the defendant's use goods of the plaintiff cannot be maintained without proof of the plaintiff's possession, or right to an immediate possession.

Action of tort. The declaration alleged that " the defendant took and carried away the following described goods, the property of the plaintiffs, and converted them to his own use, all of which being against the plaintiffs' will and consent." A schedule of the property was annexed to the declaration.

At the trial in the superior court of Suffolk at May term 1856, before *Huntington*, J., the plaintiffs introduced evidence tending to show that the goods were theirs, and had been consigned by them to John G. Haley, and taken by the defendant as a deputy sheriff on mesne process against Haley.

A counsellor at law, and former counsel for the defendant, was permitted, against the plaintiffs' objection, to testify ; and upon cross-examination, the plaintiffs, in order to show the state of feeling and circumstances under which he testified, were allowed to ask him whether he had not filed interrogatories to the plaintiffs, and obtained a continuance of the case at the last term, and refused a continuance at the present term, after ascertaining what the plaintiffs' witnesses would testify upon a point testified of by him, solely because the plaintiffs themselves would be competent witnesses at the next term.

The defendant's counsel contended that " the plaintiffs had not, at the time of taking by the defendant, the possession of the articles sued for, nor the right to immediate possession and could not therefore, if the jury found such to be the fact, upon the pleadings as they stood, maintain this action. But the court instructed the jury that " although such was the law before the new practice act, it was not so now; and that it was not necessary for the plaintiffs to have actual possession, or the right to immediate possession, if the jury were satisfied that they were the owners at the time of the taking; but that the jury would deduct the value of the use, during the time they were not in possession, from the value at the time of the taking." The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*A. A. Ranney*, for the defendant.

*D. H. Mason*, for the plaintiffs.

Bigelow, J. 1. The extent to which the cross-examination of the witness should be carried was within the discretion of the judge who presided at the trial, and no exception lies to the mode of its exercise.

2. But the ruling of the court was erroneous in one particular. The cause of action set out in the declaration was either in the nature of trespass for wrongfully taking goods belonging to the plaintiffs, or of trover for converting them. In either case, it was necessary to show possession, or a right to immediate possession; otherwise, the evidence would fail to support the essential allegations in the declaration. The practice act makes no change in the rules of evidence applicable to the various causes of action comprehended under the general designation of actions of tort. *Robinson* v. *Austin*, 2 Gray, 564. The ruling of the court would have been correct, if the declaration had been for the wrongful act of the defendant in depriving the plaintiffs of their reversionary right or ownership in the property, subject to the special right or interest of Haley therein; but it was erroneous as applied to the cause of action set out in the declaration. *Exceptions sustained.*